## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Melissa Bennett, Administrator of the Estate of Scott Anthony Coldren | : | Case No. 2:20-cv-03193 |
| Plaintiff, | : | Judge James L. Graham |
| v. | : | Magistrate Judge Chelsey M. Vascura |
| George W. Lavender, *et al.*, | : | ***Jury Demand Endorsed Hereon*** |
| Defendants. | : | |

### ANSWER OF DEFENDANT GEORGE W. LAVENDER
### TO PLAINTIFF'S COMPLAINT

Now comes Defendant George W. Lavender, by and through counsel, and for his answer to Plaintiff's Complaint herein states as follows:

1. The answering Defendant denies for want of knowledge the allegations contained in paragraph 1 of Plaintiff's Complaint.

2. As to paragraph 2 of Plaintiff's Complaint, the answering Defendant admits only that George W. Lavender is the duly elected Sheriff of Ross County, Ohio and that certain powers and responsibilities are vested in Sheriff Lavender under Ohio law.

3. The answering Defendant denies for want of knowledge the allegations contained in paragraph 3 of Plaintiff's Complaint.

4. As to paragraph 4 of Plaintiff's Complaint, the answering Defendant avers that the allegation states a legal conclusion to which no response is required. To the extent a response is required, the answering Defendant denies the allegation contained in paragraph 4 of Plaintiff's Complaint.

5. As to paragraph 5 of Plaintiff's Complaint, the answering Defendant avers that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendant admits the allegations contained in paragraph 5 of Plaintiff's Complaint.

6. As to paragraph 6 of Plaintiff's Complaint, the answering Defendant avers that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendant denies for want of knowledge the allegations contained in paragraph 6 of Plaintiff's Complaint.

7. The answering Defendant admits the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. As to paragraph 8 of Plaintiff's Complaint, the answering Defendant admits that, on or about September 5, 2019, Scott Coldren was ordered to serve thirty days in jail to begin on October 10, 2019. The answer Defendant further admits that Mr. Coldren did not appear at the jail and a warrant was subsequently issued for Mr. Coldren's arrest. The answering Defendant denies for want of knowledge any remaining allegations contained in paragraph 8 of Plaintiff's Complaint.

9. The answering Defendant denies for want of knowledge of the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. As to paragraph 10 of Plaintiff's Complaint, the answering Defendant admits that Scott Coldren was delivered to the Ross County Jail on February 6, 2020. Further answering, the Defendant denies that Mr. Coldren, while at the Ross County Jail, "threated to commit suicide if incarcerated." The answering Defendant denies each and every allegation contained in paragraph 10 of Plaintiff's Complaint not specifically admitted herein as true.

FD AR | Fishel Downey Albrecht & Riepenhoff LLP™ Attorneys at Law

2

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

11. As to paragraph 11 of Plaintiff's Complaint, the answering Defendant denies that "Coldren continued to threaten to commit suicide and communicated his intentions to deputy sheriffs and correctional officers." Further answering, the Defendant avers that the remaining allegations contained in paragraph 11 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the answering Defendant denies for want of knowledge the remaining allegations contained in paragraph 11 of Plaintiff's Complaint.

12. As to paragraph 12 of Plaintiff's Complaint, the answering Defendant admits that Scott Coldren committed suicide by hanging himself inside his jail cell. The answering Defendant denies for want of knowledge any remaining allegation contained in paragraph 12 of Plaintiff's Complaint.

13. The answering Defendant denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

14. The answering Defendant denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. The answering Defendant denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. The answering Defendant denies the allegations contained in paragraph 16 of Plaintiff's Complaint.

17. The answering Defendant denies for want of knowledge the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. The answering Defendant denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP
Attorneys at Law
7775 Walton Parkway
Suite 200
New Albany, Ohio 43054
(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

19. The answering Defendant denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20. The answering Defendant denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

21. The answering Defendant denies for want of knowledge the allegations contained in paragraph 21 of Plaintiff's Complaint.

22. As to paragraph 22 of Plaintiff's Complaint, the answering Defendant denies that Sheriff Lavender "failed to keep Coldren safe and to protect him from harm, including but not limited to failing to provide him with adequate medical care, and that as a direct and proximate result of that negligence, Coldren died." Further answering, the Defendant avers that the remaining allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendant denies for want of knowledge the remaining allegations contained in paragraph 22 of Plaintiff's Complaint.

23. The answering Defendant denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

24. The answering Defendant denies for want of knowledge the allegation contained in paragraph 24 of Plaintiff's Complaint.

25. The answering Defendant denies each and every allegation contained in Plaintiff's Complaint not specifically admitted herein as true.

### **FIRST DEFENSE**

26. Plaintiff's Complaint fails to state a claim upon which relief can be granted.



FD AR FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP Attorneys at Law

4

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

## SECOND DEFENSE

27. Plaintiff and/or the decedent, Scott Anthony Coldren, has or may have failed to exhaust all administrative remedies.

## THIRD DEFENSE

28. Decedent Scott Anthony Coldren's conduct, in whole or in part, bars Plaintiff's claims for relief.

## FOURTH DEFENSE

29. Plaintiff's Complaint is barred, in whole or in part, by the doctrine of consent.

## FIFTH DEFENSE

30. Plaintiff's claims against the answering Defendant are expressly subject to, barred, or limited by the provisions of Ohio's Political Subdivision Tort Immunity Statute, Ohio Revised Code Chapter 2744.

## SIXTH DEFENSE

31. Plaintiff's claims for damages may be barred, in whole or in part, by prior to, subsequent intervening or superseding acts, omissions or causes, and/or by the acts or omissions of individuals or entities over whom the answering Defendant had no control or right of control.

## SEVENTH DEFENSE

32. To the extent Plaintiff may seek punitive damages, her claims are expressly barred by the provisions of Ohio's Political Subdivision Tort Immunity Statute, Ohio Revised Code Chapter 2744.

## EIGHTH DEFENSE

33. Plaintiff's claims may be barred, in whole or in part, by a failure to mitigate damages.


FISHEL DOWNEY
ALBRECHT & RIEPENHOFF LLP
Attorneys at Law

5

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

## NINTH DEFENSE

34. Plaintiff's claims may be barred by her failure to join any party or parties under Rule 19 and/or 19.1.

## TENTH DEFENSE

35. Plaintiff's claims may be barred, in whole or in part, by a lack of capacity and/or standing to seek the relief for which she prays, or because this matter as brought is non-justifiable.

## ELEVENTH DEFENSE

36. The answering Defendant is entitled to a setoff of damages and/or limitation of damages pursuant to statute.

## TWELFTH DEFENSE

37. Plaintiff is barred from relief because the answering Defendant acted in good faith.

## THIRTEENTH DEFENSE

38. Plaintiff is barred from relief because the answering Defendant acted lawfully at all times.

## FOURTEENTH DEFENSE

39. To the extent Plaintiff may seek punitive damages, Plaintiff's Complaint fails to state facts sufficient to entitle Plaintiff to an award of punitive damages against the answering Defendant.

## FIFTEENTH DEFENSE

40. To the extent Plaintiff may seek punitive damages, Plaintiff's claim(s) for punitive damages cannot be sustained because the conduct of the answering Defendant did not show complete indifference to or conscious disregard for the safety of others.



FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP™
Attorneys at Law

6

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

### SIXTEENTH DEFENSE

41. Plaintiff's claims against the answering Defendant are expressly subject to, barred or limited by the provisions of the Prison Litigation Reform Act, 42 U.S.C. §1997e.

### SEVENTEENTH DEFENSE

42. Plaintiff's claims may be impacted by the Prison Litigation Reform Act, including any authorization of attorney's fees.

### EIGHTEENTH DEFENSE

43. Plaintiff's claims are barred because the decedent, Scott Anthony Coldren, assumed the risk of the injuries that are alleged to exist.

### NINETEENTH DEFENSE

44. Plaintiff is barred from relief due to the extent and degree of the decedent's negligence.

### TWENTIETH DEFENSE

45. The answering Defendant is entitled to a limitation on damages pursuant to Ohio Revised Code §2323.43 *et seq.*

### TWENTY-FIRST DEFENSE

46. The answering Defendant is entitled to immunity, including statutory, absolute, and qualified immunity, and also immunity from punitive damages.

### TWENTY-SECOND DEFENSE

47. To the extent Plaintiff may seek punitive damages or exemplary damages against the answering Defendant, an award of those types is contrary to the United States and Ohio Constitutions, as well as federal and state statutes, and is therefore not available to Plaintiff.



FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP™ Attorneys at Law

7

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

## TWENTY-THIRD DEFENSE

48. The answering Defendant hereby gives notice that he intends to rely upon and utilize any other affirmative defenses that might become available or apparent during the course of discovery and hereby reserves the right to amend this Answer to assert such defense or defenses.

**WHEREFORE**, Defendant George W. Lavender demands that Plaintiff's claims against him be dismissed in their entirety and with prejudice.

Respectfully Submitted,

s/ Daniel T. Downey
Daniel T. Downey (0063753)
Angelica M. Jarmusz (0092249)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP**
7775 Walton Pkwy, Suite 200
New Albany, Ohio 43054
(614) 221-1216 – Telephone
(614) 221-8769 – Fax
ddowney@fisheldowney.com
ajarmusz@fisheldowney.com
*Attorneys for Defendant George W. Lavender*

## JURY DEMAND

Defendants hereby demands a trial by jury on all issues herein triable.

s/ Daniel T. Downey
Daniel T. Downey (0063753)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP**
*Attorney for Defendant George W. Lavender*

FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP
Attorneys at Law

8

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing *Answer of Defendant George W. Lavender to Plaintiff's Complaint* was served this 6th of August 2020 through the Court's electronic filing system.

s/ Daniel T. Downey
Daniel T. Downey (0063753)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP**
*Attorney for Defendant George W. Lavender*

CORSA Litigation\Ross\Coldren\Pleadings - Word Docs\Answer

**FISHEL DOWNEY ALBRECHT & RIEPENHOFF** LLP
Attorneys at Law

9

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com