UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MELISSA BENNETT,
Administrator of the Estate of Scott
Anthony Coldren,

        Plaintiff,          Civil Action 2:20-cv-3193
                                    Judge James L. Graham
  v.                                      Magistrate Judge Chelsey M. Vascura

GEORGE W. LAVENDER, JR., *et al.*,

        Defendants.

## PRELIMINARY PRETRIAL ORDER

The Court conducted a telephonic preliminary pretrial conference on September 3, 2020. All parties were represented by counsel. This order memorializes the results of that conference.

### Rule 26(a)(1) Initial Disclosures

The parties have agreed to make initial disclosures by **September 10, 2020**.

### Jurisdiction and Venue

There are no contested issues related to venue or jurisdiction.

### Amendments to Pleadings and/or Joinder of Parties

Motions or stipulations addressing the parties or pleadings, if any, must be filed no later than **November 3, 2020**. The Court **GRANTED** Plaintiff's unopposed oral motion to extend the deadline by which she must substitute in the real identities for her Doe defendants and effect service over those defendant until **November 3, 2020**.

**Motions**

There are no pending motions.

**Allegations in the Pleadings and Jury Demand**

Plaintiff brings a civil rights action under 28 U.S.C. § 1983, alleging violations of the Eighth and Fourteenth Amendments for deliberate indifference to the decedent's medical needs and failure to train and supervise.  Plaintiff also brings a state law claim for wrongful death.

There is a jury demand.

**Expert Disclosures**[1]

Primary expert reports, if any, must be produced by **July 30, 2021**.  Rebuttal expert reports, if any, must be produced by **August 31, 2021**. All expert discovery, including expert depositions, shall be completed by **September 30, 2021**.

If an expert is retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, the witness identification must consist of a report that conforms to Rule 26(a)(2), unless otherwise stipulated or ordered by the Court.

**Discovery Deadline and Limitations**

The parties may, without further leave of Court, agree to exceed the limitations on discovery established by the Federal Rules of Civil Procedure or the Local Rules of this Court. If the parties are unable to reach an agreement on any matter related to discovery, prior to filing a motion, they are directed to arrange an informal conference with the Court.

---

[1] Rebuttal/Responsive experts are strictly limited to rebutting unanticipated opinions expressed by a primary expert.  When the plaintiff intends to offer no expert testimony supporting his or her claims, but the defendant chooses to offer expert testimony on them that would ordinarily constitute rebuttal/responsive testimony, the defendant's experts must make such disclosures by the first deadline.

2

All fact discovery shall be completed by **June 30, 2021**.  For purposes of complying with this Order, the parties must schedule their discovery in such a way as to require all responses to be served prior to the deadline and must also file any motions relating to discovery within the discovery period.

The parties anticipate the production of ESI.  To the extent possible, the parties will produce the materials in their original format.

The parties do not intend to seek entry of a protective order or clawback agreement.

**Dispositive Motions**

Case dispositive motions must be filed by **November 1, 2021.**

**Settlement**

Plaintiff shall make a settlement demand by **October 19, 2020**.  Defendants shall respond by **November 20, 2020**.  The parties agree to make a good faith effort to settle this case.  The parties understand that this case will be referred to an attorney mediator, or to the Magistrate Judge, for a settlement conference in **December 2020**.  In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference.  The parties understand that they will be expected to comply fully with the settlement order which requires *inter alia* that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

Referral to court-facilitated mediation has no effect on the case schedule.  All deadlines established in this Order will remain in place unless the parties move for and are granted a continuance or stay.  In the event the parties schedule a private mediation, they may notify the Court and request to be excused from participation in court-facilitated mediation.

**Other Matters**

Any party intending to seek attorney fees and costs as a prevailing party shall make quarterly reports to the other party disclosing the to-date accrued attorney's fees and costs.

If any date set in this Order falls on a Saturday, Sunday, or legal holiday, the date of the next business day will control.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE