## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**MELISSA BENNETT, Administrator for**
**the Estate of Scott A. Coldren**

        **Plaintiff,**

      **v.**

                            **Civil Action 2:20-cv-3193**
                            **Judge James L. Graham**
                            **Magistrate Judge Chelsey M. Vascura**

**GEORGE W LAVENDER, JR.,** *et al.***,**

        **Defendants.**

### SHOW CAUSE ORDER

      Plaintiff's Complaint (ECF No. 1) asserts claims against, *inter alia*, defendants identified

as "John Does 1–20."  To date, the docket does not reflect that Plaintiff has moved to amend the

Complaint to substitute the real name(s) of the Does; nor does it reflect that Plaintiff has effected

service upon them as required by Federal Rule of Civil Procedure 4(m).  Rule 4(m) provides, in

pertinent part, as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—
> on motion or on its own after notice to the plaintiff—must dismiss the action
> without prejudice against that defendant or order that service be made within a
> specified time.  But if the plaintiff shows good cause for the failure, the court must
> extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  In addition, Federal Rule of Civil Procedure 10(a) requires a plaintiff to

"name all the parties" in the Complaint.  Though the naming of pseudonymous defendants is

permissible where the party requires discovery to identify the true identity of the defendants, the

party must subsequently amend the complaint to reflect the discovered identities and effect

service over those named parties within Rule 4(m)'s 90-day window.  *See Petty v. Cty. of*

*Franklin*, 478 F.3d 341, 345–46 (6th Cir. 2007) (affirming district court's dismissal of unnamed John Doe defendants pursuant to Rule 4(m) where the plaintiff failed to substitute the real names for his John Does and had failed to serve them within Rule 4(m) timeframe).

Because Plaintiff has failed to timely effect service over John Does 1–20, she is **ORDERED** to **SHOW CAUSE WITHIN FOURTEEN (14) DAYS OF THE DATE OF THIS ORDER,** why the Court should not dismiss this action as against John Does 1–20 without prejudice for failure to effect service and why the Court should allow an extension of time to effect service.  Plaintiff must support any good cause showing with sworn affidavits or unsworn declarations in compliance with 28 U.S.C. § 1746.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE