IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION – COLUMBUS

| | | | |
|---|---|---|---|
| Melissa Bennett, Administrator of the Estate of Scott Anthony Coldren | : : : | Case No.: | 2:20-cv-03193 |
| Plaintiffs, | : : | Judge: | James Graham |
| v. | : : | Mag. Judge: | Chelsey M. Vascura |
| George W. Lavender, et al., | : : : | | |
| Defendants. | : | | |

### PLAINTIFF'S FED. R. CIV. P. 15(a)(2) MOTION
### FOR LEAVE TO AMEND COMPLAINT

Now comes Plaintiff, by and through the below-signed counsel, and respectfully moves this Court for leave to file an Amended Complaint in this matter, pursuant to Fed. R. Civ. P. 15(a)(2), *instanter*. Cause for this motion is contained in the Memorandum of Law that follows.

Respectfully submitted,

**PLYMALE & DINGUS, LLC**

/s/ M. Shawn Dingus
M. Shawn Dingus, Esq. (0070201)
Adam Z. Morris, Esq. (0096754)
136 West Mound Street, Suite 100
Columbus, Ohio 43215
Phone: (614) 542-0220
Fax:     (614) 542-0230
Email: sdingus@dinguslaw.com
          amorris@dinguslaw.com
*Attorney for Plaintiffs*

### MEMORANDUM OF LAW

Plaintiff filed her complaint in this matter on June 24, 2020. This Complaint stemmed from the February 7, 2020 suicide of her son while incarcerated at the Ross County Jail. In her initial complaint, Plaintiff named John Does 1-20 as employees or agents of Defendant Lavender at the Ross County Jail, which sits within the southern judicial district of Ohio. Since filing this complaint, Plaintiff has learned through the course of discovery, received via U.S. mail from Defendant Lavender's counsel on October 19, 2020, the identity of these named John Does, and additionally the identity of the Chillicothe police officer who transported the decedent to the Ross County Jail who knew of the decedent's threat to commit suicide if incarcerated. Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leaved when justice so requires." Under federal law, "[s]ubstituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties." *Cox v. Treadway*, 75 F.3d 230 (6th Cir.1996). As such, Plaintiff seeks leave of this Court, pursuant to Fed. R. Civ. P. 15(a)(2) to amend her Complaint to properly name the employees or agents of Defendant Lavender at the Ross County Jail. A copy of Plaintiffs' proposed Amended Complaint is attached hereto.

Respectfully submitted,

**PLYMALE & DINGUS, LLC**

*/s/ M. Shawn Dingus*
M. Shawn Dingus, Esq. (0070201)
Adam Z. Morris, Esq. (0096754)
136 West Mound Street, Suite 100
Columbus, Ohio 43215
Phone: (614) 542-0220
Fax:    (614) 542-0230
Email:  sdingus@dinguslaw.com
*Attorney for Plaintiffs*

2

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was served upon Daniel Downey and Aneglica Jarmusz, attorneys for Defendant George W. Lavender, electronically on this 3rd day of November 2020.

*/s/ M. Shawn Dingus*
M. Shawn Dingus (0070201)
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Melissa Bennett, Administrator | : | |
| of the Estate of Scott Anthony Coldren | : | |
| 4957 Dellen Road | : | |
| Groveport, Ohio 43125 | : | |
| | : | Civil Action No.:  2:20-cv-3193 |
| Plaintiff, | : | |
| | : | Judge:    James Graham |
| v. | : | |
| | : | Mag. Judge:    Chelsey M. Vascura |
| George W. Lavender, | : | |
| Ross County Sheriff | : | |
| 28 N. Paint Street | : | **FIRST AMENDED COMPLAINT** |
| Chillicothe, Ohio 45601 | : | **(Jury Demand Endorsed Hereon)** |
| | : | |
| and | : | |
| | : | |
| Dylan Gangewere | : | |
| 28 N. Paint Street | : | |
| Chillicothe, Ohio 45601 | | |
| | | |
| and | | |
| | | |
| Tanner McDonald | : | |
| 28 N. Paint Street | : | |
| Chillicothe, Ohio 45601 | : | |
| | : | |
| and | : | |
| | : | |
| Dylan Speakman | : | |
| 28 N. Paint Street | : | |
| Chillicothe, Ohio 45601 | : | |
| | : | |
| and | : | |
| | : | |
| Chase Thatcher | : | |
| 28 N. Paint Street | : | |
| Chillicothe, Ohio 45601 | : | |
| | : | |
| and | : | |
| | : | |

| | |
|---|---|
| Nick McKeever | : |
| 28 N. Paint Street | : |
| Chillicothe, Ohio 45601 | : |
| | : |
| and | : |
| | : |
| Drew Rittenhouse | : |
| 28 N. Paint Street | : |
| Chillicothe, Ohio 45601 | : |
| | : |
| and | : |
| | : |
| Brenna Campbell | : |
| 28 N. Paint Street | : |
| Chillicothe, Ohio 45601 | : |
| | : |
| and | : |
| | : |
| Brenda Lowe | : |
| 28 N. Paint Street | : |
| Chillicothe, Ohio 45601 | : |
| | : |
| and | : |
| | : |
| Robert Cantor | : |
| 28 N. Paint Street | : |
| Chillicothe, Ohio 45601 | : |
| | : |
| and | : |
| | : |
| Devin Davis | : |
| 28 N. Paint Street | : |
| Chillicothe, Ohio 45601 | : |
| | : |
| and | : |
| | : |
| Bethany Sullivan | : |
| 28 N. Paint Street | : |
| Chillicothe, Ohio 45601 | : |
| | : |
| and | : |
| | : |
| | : |

| | |
|---|---|
| Tyler Funk | : |
| 28 N. Paint Street | : |
| Chillicothe, Ohio 45601 | : |
| | : |
| and | : |
| | : |
| Kerry Mickle | : |
| 28 N. Paint Street | : |
| Chillicothe, Ohio 45601 | : |
| | : |
| and | : |
| | : |
| Anderson Ramsey | : |
| 28 N. Paint Street | : |
| Chillicothe, Ohio 45601 | : |
| | : |
| and | : |
| | : |
| Jessica Malone | : |
| 28 N. Paint Street | : |
| Chillicothe, Ohio 45601 | : |
| | : |
| and | : |
| | : |
| William Anderson | : |
| 28 N. Paint Street | : |
| Chillicothe, Ohio 45601 | : |
| | : |
| Defendants. | : |

Now comes Melissa Bennett, Administrator of the Estate of Scott Anthony Coldren, and for her complaint states as follows:

## **PARTIES**

1. Plaintiff, Melissa Bennett (Bennett), is the duly appointed administrator of the estate of Scott Anthony Coldren. Bennett is a resident of Franklin County, Ohio.

2. Defendant George W. Lavender (Lavender) is the duly elected sheriff of Ross County, Ohio.  As the sheriff of Ross County, Ohio, Lavender is responsible for managing the Ross County Jail and for supervising his employees working at the Jail.

3. Defendants, Tanner McDonald (McDonald), Dylan Speakman (Speakman), Chase Thatcher (Thatcher), Dylan Gangewere (Gangewere), Nick McKeever (McKeever), Drew Rittenhouse (Rittenhouse), Brenna Campbell (Campbell), Brenda Lowe (Lowe), Robert Cantor (Cantor), Devin Davis (Davis), Bethany Sullivan (Sullivan), Tyler Funk (Funk), Kerry Mickle (Mickle), Anderson Ramsey (Ramsey), and Jessica Malone (Malone), are employees or agents of Lavender who were working within the course and scope of their employment with Lavender at all relevant times herein.

4. Defendant William Anderson (Anderson) is an employee or agent of the Chillicothe Police Department in Chillicothe, Ohio who was working within the course and scope of his employment with the Chillicothe Police Department on February 6, 2020.

## JURISDICTION

5. This court has subject matter jurisdiction over this matter under 42 U.S.C. §1983.

6. This court has personal jurisdiction over Lavender in this matter as he is the duly elected sheriff of a county within the southern judicial district of the state of Ohio.

7. This court has personal jurisdiction over McDonald, Speakman, Thatcher, Gangewere, McKeever, Rittenhouse, Campbell, Lowe, Cantor, Davis, Sullivan, Funk, Mickle, Ramsey, Malone, and Claytor, as they are employees or agents of Lavender at the Ross County Jail, which is within the southern judicial district of Ohio.

8. This court has personal jurisdiction over Anderson as he is an employee or agent of the Chillicothe Police Department, which is within the southern judicial district of Ohio.

**FACTS COMMON TO ALL CAUSES OF ACTION**

9. On or about April 25, 2019, Scott Anthony Coldren (Coldren) was convicted of a violation of R.C. §2925.14, drug paraphernalia, a misdemeanor of the fourth degree in the Chillicothe Municipal Court (Municipal Court) in Chillicothe, Ohio.

10. On or about September 5, 2019, the Municipal Court ordered Coldren to serve thirty (30) days in jail beginning on October 10, 2019. When Coldren did not appear at the jail on the scheduled date, the Municipal Court issued a warrant for his arrest.

11. On or about February 6, 2020, Brad Swinning (Swinning), a probation officer employed by the Municipal Court, detained Coldren, presumably pursuant to the warrant previously issued by the court. While being detained, Coldren informed Swinning that he intended to commit suicide if he was arrested and incarcerated.

12. Later that same day, Coldren was transferred to the custody of the Ross County Sheriff's Office and delivered to the Ross County Jail by Anderson. Before transporting Coldren to the Ross County Jail, Swinning informed Anderson that Coldren had threatened to harm himself.

13. Upon being delivered to the Ross County Jail, Coldren continued to threaten to commit suicide and communicated his intentions to deputy sheriffs and correctional officers who were working within the course and scope of their employment with Lavender at the Ross County Sheriff's Office. Additionally, fellow inmates of the Ross County Jail informed the Defendants, including Gangewere, that Coldren should be removed from general population because he was likely to commit suicide. Further, Bennett informed an employee of Lavendar during a phone call on February 7, 2020 of Coldren's threats to commit suicide and expressed her concerns for his safety.

14. During either the late hours of February 7, 2020 or the early morning hours of February 8, 2020, Coldren committed suicide by hanging himself in his jail cell.

## FIRST CAUSE OF ACTION
### Eighth Amendment – Failure to Provide Medical Care (42 U.S.C. §1983)

15. Bennett incorporates the averments contained in paragraphs one (1) through fourteen (14) as if fully restated herein, and further states that Lavender, McDonald, Speakman, Thatcher, Gangewere, McKeever, Rittenhouse, Campbell, Lowe, Cantor, Davis, Sullivan, Funk, Mickle, Ramsey, Malone and Anderson (collectively "Defendants") deprived Coldren of necessary medical care in violation of the Eighth Amendment's prohibition against cruel and unusual punishment, as applied to state actors by the Fourteenth Amendment, and as prohibited by 42 U.S.C. §1983.

16. The Defendants were aware of Coldren's urgent and serious need for medical care, including the need for mental health care, as expressed to them through Coldren's own words and actions, as well as the words and actions of his fellow inmates and Swinning, and they deliberately disregarded the risk to Coldren's health and safety by failing to adequately respond to his threats to commit suicide, including but not limited to failing to seek medical attention on his behalf or to take other reasonable actions to abate the risk to Coldren.

17. The Defendants further failed to provide adequate medical care to Coldren while he was in the custody of the Ross County Sheriff's Office or while he was housed in the Ross County Jail.

18. The Defendants' deliberate indifference to the health and safety of Coldren was a cause of Coldren's death.

19. Bennett brings this cause of action as the administrator of Coldren's estate and seeks wrongful death damages on behalf of Coldren's parents, siblings and next of kin who may be entitled to compensation for the violation of his Constitutional rights.

## SECOND CAUSE OF ACTION
### Failure to Train or Supervise (42 U.S.C. §1983)

20. Bennett incorporates the averments contained in paragraphs one (1) through nineteen (19) as if fully restated herein, and further states that Lavender failed to adequately train and supervise his employees, agents, deputy sheriffs and corrections officers, McDonald, Speakman, Thatcher, Gangewere, McKeever, Rittenhouse, Campbell, Lowe, Cantor, Davis, Sullivan, Funk, Mickle, Ramsey and Malone, with respect to identifying, preventing and responding to the medical needs of the inmates incarcerated in the Ross County Jail, specifically with respect to identifying, preventing and responding to inmates who are at risk of committing suicide, in violation of 42 U.S.C. §1983.

21. Lavender has acted with a deliberate indifference in failing to adequately train and supervise his employees and agents.

22. Lavender's failure to adequately train and supervise his employees and agents contributed to and caused the death of Coldren.

23. Bennett brings this cause of action as the administrator of Coldren's estate and seeks wrongful death damages on behalf of Coldren's parents, siblings and next of kin who may be entitled to compensation for the violation of his Constitutional rights.

## THIRD CAUSE OF ACTION
### Negligence – Wrongful Death

24. Bennett incorporates the averments contained in paragraphs one (1) through twenty-three (23) as if fully restated herein, and further states that Lavender, McDonald, Speakman,

Thatcher, Gangewere, McKeever, Rittenhouse, Campbell, Lowe, Cantor, Davis, Sullivan, Funk, Mickle, Ramsey, Malone, and Anderson, and the employees and agents who were working within the scope of their employment with the Ross County Sheriff's Office from February 6, 2020 to February 8, 2020, failed to keep Coldren safe and to protect him from harm, including but not limited to failing to provide him with adequate medical care, and that as a direct and proximate result of that negligence, Coldren died.

25. Coldren's parents, siblings and next of kin have suffered loss and damage as a direct and proximate result of Coldren's death and they are entitled to compensation pursuant to R.C. 2125.02(B).

26. Bennett further claims as damage the reasonable cost of his funeral expenses.

WHEREFORE, Plaintiff demands judgment against all defendants, jointly and severally, for compensatory damages in an amount in excess of $1,000,000.00 as to each cause of action; for funeral and burial expenses; for loss of consortium of Coldren's next of kin; for interest; for reasonable attorneys' fees; for courts costs; and for such other relief to which Bennett and Coldren's next of kin may be entitled.

Respectfully Submitted

*/s/ M. Shawn Dingus*

_____
M. Shawn Dingus, Esq. (0070201)
Adam Morris, Esq. (0096754)
Plymale and Dingus LLC
136 W. Mound St.
Columbus, Ohio 43215
Telephone: (614) 542-0220
Fax: (614) 542-0230
sdingus@dinguslaw.com
amorris@dinguslaw.com
Attorneys for Plaintiff

**JURY DEMAND**

Plaintiff demands that all triable issues presented in this complaint be tried before a jury of at least eight (8) persons.

*/s/ M. Shawn Dingus*

_____

M. Shawn Dingus, Esq. (0070201)