# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| Melissa Bennett, Administrator : | |
| of the Estate of Scott Anthony Coldren : | |
| 4957 Dellen Road : | |
| Groveport, Ohio 43125 : | |
| : | Civil Action No.:  2:20-cv-3193 |
|        Plaintiff, : | |
| : | Judge:    James Graham |
| v. : | |
| : | Mag. Judge:   Chelsey M. Vascura |
| George W. Lavender, : | |
| Ross County Sheriff : | |
| 28 N. Paint Street : | **FIRST AMENDED COMPLAINT** |
| Chillicothe, Ohio 45601 : | **(Jury Demand Endorsed Hereon)** |
| : | |
| and : | |
| : | |
| Dylan Gangewere : | |
| 28 N. Paint Street : | |
| Chillicothe, Ohio 45601 : | |
| | |
| and | |
| | |
| Tanner McDonald : | |
| 28 N. Paint Street : | |
| Chillicothe, Ohio 45601 : | |
| : | |
| and : | |
| : | |
| Dylan Speakman : | |
| 28 N. Paint Street : | |
| Chillicothe, Ohio 45601 : | |
| : | |
| and : | |
| : | |
| Chase Thatcher : | |
| 28 N. Paint Street : | |
| Chillicothe, Ohio 45601 : | |
| : | |
| and : | |
| : | |

| | |
|---|---|
| Nick McKeever | : |
| 28 N. Paint Street | : |
| Chillicothe, Ohio 45601 | : |
| | : |
| and | : |
| | : |
| Drew Rittenhouse | : |
| 28 N. Paint Street | : |
| Chillicothe, Ohio 45601 | : |
| | : |
| and | : |
| | : |
| Brenna Campbell | : |
| 28 N. Paint Street | : |
| Chillicothe, Ohio 45601 | : |
| | : |
| and | : |
| | : |
| Brenda Lowe | : |
| 28 N. Paint Street | : |
| Chillicothe, Ohio 45601 | : |
| | : |
| and | : |
| | : |
| Robert Cantor | : |
| 28 N. Paint Street | : |
| Chillicothe, Ohio 45601 | : |
| | : |
| and | : |
| | : |
| Devin Davis | : |
| 28 N. Paint Street | : |
| Chillicothe, Ohio 45601 | : |
| | : |
| and | : |
| | : |
| Bethany Sullivan | : |
| 28 N. Paint Street | : |
| Chillicothe, Ohio 45601 | : |
| | : |
| and | : |
| | : |
| | : |

| | |
|---|---|
| Tyler Funk | : |
| 28 N. Paint Street | : |
| Chillicothe, Ohio 45601 | : |
| | : |
| and | : |
| | : |
| Kerry Mickle | : |
| 28 N. Paint Street | : |
| Chillicothe, Ohio 45601 | : |
| | : |
| and | : |
| | : |
| Anderson Ramsey | : |
| 28 N. Paint Street | : |
| Chillicothe, Ohio 45601 | : |
| | : |
| and | : |
| | : |
| Jessica Malone | : |
| 28 N. Paint Street | : |
| Chillicothe, Ohio 45601 | : |
| | : |
| and | : |
| | : |
| William Anderson | : |
| 28 N. Paint Street | : |
| Chillicothe, Ohio 45601 | : |
| | : |
| Defendants. | : |

Now comes Melissa Bennett, Administrator of the Estate of Scott Anthony Coldren, and for her complaint states as follows:

## **PARTIES**

1. Plaintiff, Melissa Bennett (Bennett), is the duly appointed administrator of the estate of Scott Anthony Coldren.  Bennett is a resident of Franklin County, Ohio.

2. Defendant George W. Lavender (Lavender) is the duly elected sheriff of Ross County, Ohio. As the sheriff of Ross County, Ohio, Lavender is responsible for managing the Ross County Jail and for supervising his employees working at the Jail.

3. Defendants, Tanner McDonald (McDonald), Dylan Speakman (Speakman), Chase Thatcher (Thatcher), Dylan Gangewere (Gangewere), Nick McKeever (McKeever), Drew Rittenhouse (Rittenhouse), Brenna Campbell (Campbell), Brenda Lowe (Lowe), Robert Cantor (Cantor), Devin Davis (Davis), Bethany Sullivan (Sullivan), Tyler Funk (Funk), Kerry Mickle (Mickle), Anderson Ramsey (Ramsey), and Jessica Malone (Malone), are employees or agents of Lavender who were working within the course and scope of their employment with Lavender at all relevant times herein.

4. Defendant William Anderson (Anderson) is an employee or agent of the Chillicothe Police Department in Chillicothe, Ohio who was working within the course and scope of his employment with the Chillicothe Police Department on February 6, 2020.

## JURISDICTION

5. This court has subject matter jurisdiction over this matter under 42 U.S.C. §1983.

6. This court has personal jurisdiction over Lavender in this matter as he is the duly elected sheriff of a county within the southern judicial district of the state of Ohio.

7. This court has personal jurisdiction over McDonald, Speakman, Thatcher, Gangewere, McKeever, Rittenhouse, Campbell, Lowe, Cantor, Davis, Sullivan, Funk, Mickle, Ramsey, Malone, and Claytor, as they are employees or agents of Lavender at the Ross County Jail, which is within the southern judicial district of Ohio.

8. This court has personal jurisdiction over Anderson as he is an employee or agent of the Chillicothe Police Department, which is within the southern judicial district of Ohio.

**FACTS COMMON TO ALL CAUSES OF ACTION**

9. On or about April 25, 2019, Scott Anthony Coldren (Coldren) was convicted of a violation of R.C. §2925.14, drug paraphernalia, a misdemeanor of the fourth degree in the Chillicothe Municipal Court (Municipal Court) in Chillicothe, Ohio.

10. On or about September 5, 2019, the Municipal Court ordered Coldren to serve thirty (30) days in jail beginning on October 10, 2019. When Coldren did not appear at the jail on the scheduled date, the Municipal Court issued a warrant for his arrest.

11. On or about February 6, 2020, Brad Swinning (Swinning), a probation officer employed by the Municipal Court, detained Coldren, presumably pursuant to the warrant previously issued by the court. While being detained, Coldren informed Swinning that he intended to commit suicide if he was arrested and incarcerated.

12. Later that same day, Coldren was transferred to the custody of the Ross County Sheriff's Office and delivered to the Ross County Jail by Anderson. Before transporting Coldren to the Ross County Jail, Swinning informed Anderson that Coldren had threatened to harm himself.

13. Upon being delivered to the Ross County Jail, Coldren continued to threaten to commit suicide and communicated his intentions to deputy sheriffs and correctional officers who were working within the course and scope of their employment with Lavender at the Ross County Sheriff's Office. Additionally, fellow inmates of the Ross County Jail informed the Defendants, including Gangewere, that Coldren should be removed from general population because he was likely to commit suicide. Further, Bennett informed an employee of Lavendar during a phone call on February 7, 2020 of Coldren's threats to commit suicide and expressed her concerns for his safety.

14. During either the late hours of February 7, 2020 or the early morning hours of February 8, 2020, Coldren committed suicide by hanging himself in his jail cell.

**FIRST CAUSE OF ACTION**
**Eighth Amendment – Failure to Provide Medical Care (42 U.S.C. §1983)**

15. Bennett incorporates the averments contained in paragraphs one (1) through fourteen (14) as if fully restated herein, and further states that Lavender, McDonald, Speakman, Thatcher, Gangewere, McKeever, Rittenhouse, Campbell, Lowe, Cantor, Davis, Sullivan, Funk, Mickle, Ramsey, Malone and Anderson (collectively "Defendants") deprived Coldren of necessary medical care in violation of the Eighth Amendment's prohibition against cruel and unusual punishment, as applied to state actors by the Fourteenth Amendment, and as prohibited by 42 U.S.C. §1983.

16. The Defendants were aware of Coldren's urgent and serious need for medical care, including the need for mental health care, as expressed to them through Coldren's own words and actions, as well as the words and actions of his fellow inmates and Swinning, and they deliberately disregarded the risk to Coldren's health and safety by failing to adequately respond to his threats to commit suicide, including but not limited to failing to seek medical attention on his behalf or to take other reasonable actions to abate the risk to Coldren.

17. The Defendants further failed to provide adequate medical care to Coldren while he was in the custody of the Ross County Sheriff's Office or while he was housed in the Ross County Jail.

18. The Defendants' deliberate indifference to the health and safety of Coldren was a cause of Coldren's death.

19. Bennett brings this cause of action as the administrator of Coldren's estate and seeks wrongful death damages on behalf of Coldren's parents, siblings and next of kin who may be entitled to compensation for the violation of his Constitutional rights.

## SECOND CAUSE OF ACTION
### Failure to Train or Supervise (42 U.S.C. §1983)

20. Bennett incorporates the averments contained in paragraphs one (1) through nineteen (19) as if fully restated herein, and further states that Lavender failed to adequately train and supervise his employees, agents, deputy sheriffs and corrections officers, McDonald, Speakman, Thatcher, Gangewere, McKeever, Rittenhouse, Campbell, Lowe, Cantor, Davis, Sullivan, Funk, Mickle, Ramsey and Malone, with respect to identifying, preventing and responding to the medical needs of the inmates incarcerated in the Ross County Jail, specifically with respect to identifying, preventing and responding to inmates who are at risk of committing suicide, in violation of 42 U.S.C. §1983.

21. Lavender has acted with a deliberate indifference in failing to adequately train and supervise his employees and agents.

22. Lavender's failure to adequately train and supervise his employees and agents contributed to and caused the death of Coldren.

23. Bennett brings this cause of action as the administrator of Coldren's estate and seeks wrongful death damages on behalf of Coldren's parents, siblings and next of kin who may be entitled to compensation for the violation of his Constitutional rights.

## THIRD CAUSE OF ACTION
### Negligence – Wrongful Death

24. Bennett incorporates the averments contained in paragraphs one (1) through twenty-three (23) as if fully restated herein, and further states that Lavender, McDonald, Speakman,

Thatcher, Gangewere, McKeever, Rittenhouse, Campbell, Lowe, Cantor, Davis, Sullivan, Funk, Mickle, Ramsey, Malone, and Anderson, and the employees and agents who were working within the scope of their employment with the Ross County Sheriff's Office from February 6, 2020 to February 8, 2020, failed to keep Coldren safe and to protect him from harm, including but not limited to failing to provide him with adequate medical care, and that as a direct and proximate result of that negligence, Coldren died.

25. Coldren's parents, siblings and next of kin have suffered loss and damage as a direct and proximate result of Coldren's death and they are entitled to compensation pursuant to R.C. 2125.02(B).

26. Bennett further claims as damage the reasonable cost of his funeral expenses.

WHEREFORE, Plaintiff demands judgment against all defendants, jointly and severally, for compensatory damages in an amount in excess of $1,000,000.00 as to each cause of action; for funeral and burial expenses; for loss of consortium of Coldren's next of kin; for interest; for reasonable attorneys' fees; for courts costs; and for such other relief to which Bennett and Coldren's next of kin may be entitled.

Respectfully Submitted

*/s/ M. Shawn Dingus*

_____
M. Shawn Dingus, Esq. (0070201)
Adam Morris, Esq. (0096754)
Plymale and Dingus LLC
136 W. Mound St.
Columbus, Ohio 43215
Telephone: (614) 542-0220
Fax:  (614) 542-0230
sdingus@dinguslaw.com
amorris@dinguslaw.com
Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff demands that all triable issues presented in this complaint be tried before a jury of at least eight (8) persons.

*/s/ M. Shawn Dingus*

M. Shawn Dingus, Esq. (0070201)